UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ESTATE OF JUANDRICKES PAYTON, BY DAMARA SADDLER, AS PERSONAL REPRESENTATIVE OF THE ESTATE, AND ON BEHALF OF THE SURVIVORS,<br><br>Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., NATHAN HILLIARD, BRYAN LEFFLER, MARK LUSTER, ANDREW DARMER, CRAIG JONES, STACEY MILLIZER, KYLE DOWNING, AND GINA FOX,<br><br>Defendants. | No. 21-cv-4205-JES |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO MODIFY DISCOVERY SCHEDULE**

Plaintiffs, through undersigned counsel, respectfully respond to the IDOC Defendants' Motion To Modify Discovery Schedule and state as follows:

**I. Procedural Posture**

Discovery is closed in this case and has been for some time. In fact, this case was set initially set for trial in June and August of this year. Fact discovery closed after Plaintiff took the deposition of investigator Troy Morse on March 7, 2024. Expert discovery closed on July 12, 2024. The Court has already ruled on summary judgment (ECF No. 102), and initially set this case for trial on June 23, 2025 (ECF No. 104). On April 7, 2025, pursuant to reassignment, the trial was moved to August 4, 2025. Initial motions in limine were filed. (ECF No. 109, 112, & 113). On July 8, 2025, the Court *sua sponte* reset this matter for trial on February 9, 2026, with a pretrial conference on January 28, 2026. Any additional motions in limine are due December 31, 2025.

Despite this posture, Defendants now seek to reopen fact discovery more than 14 months after expert discovery was completed, to supplement disclosures with 25 additional photographs they inexplicably and inexcusably failed to timely produce. Notably, not only in their motion to reopen discovery, but also at the hearing before Judge Hanna on August 14, 2025, Defendants admitted that IDOC was in possession of these photographs the entire time this case has been pending. Additionally, they further admit that after the close of the discovery, and without notifying Plaintiff, AAG Taborga was contacting a third party, the Illinois State Police ("ISP"), and requesting materials, namely the photographs. This blatant violation of the deadlines set by this Court and the Federal Rules of Civil Procedure should not go rewarded by allowing the Defendants, or the Attorney General's Office collectively, to produce material they should have sought years ago with no consequence. They flippantly claim that this will not cause any prejudice to Plaintiff; however, reopening discovery will cause Plaintiff to incur additional attorney's fees and costs in having to take additional depositions. That may not mean much to the Attorney General's Office, but it does to a small plaintiff's firm that take these cases on a contingency basis and invest substantial time and capital to litigate prisoner cases all the way to trial.

**II. Defendants Have Not Shown Good Cause or Excusable Neglect**

Federal Rule of Civil Procedure 16(b)(4) states a party seeking to modify a discovery schedule must show "good cause" for the proposed modification. "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) (internal citations omitted.) District courts have discretion in evaluating a party's request to reopen discovery. *Winters v. Fru-Con Inc.*, 498 F.3d 734, 743 (7th Cir. 2007) (citing *Raymond v.*

*Ameritech Corp.*, 442 F.3d 600, 603 n. 2 (7th Cir.2006)). The Court should deny Defendants' request to reopen discovery as they have failed to show *any* diligence in pursuing discovery relating to the ISP investigation and photographs that were in possession of IDOC until after the summary judgment motions had been ruled upon and the parties were mere weeks away from trial. They provide no evidence that they attempted to obtain the photographs from the ISP investigation from the time the investigative file was originally produced to the parties (during the discovery phase of this case), nor any evidence that they were unaware that there were photographs contained in the ISP investigation report and just learned of their existence. This is simply a case of lack of diligence on their part.

Furthermore, Defendants' request is not really a request to modify the discovery schedule; it is a request to reopen already closed discovery. Rule 6(b) allows for a court to reopen discovery when a party has failed to act within the deadline because of excusable neglect. *Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015). In determining excusable neglect, "courts should consider all relevant circumstances surrounding the party's neglect, including the prejudice to the non-movant, length of delay, and reason for delay." *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Neglect is generally not excusable when a party should have acted before the deadline, *see Murphy v. Eddie Murphy Prods., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010), or when a party's lack of diligence is to blame for its failure to secure discoverable information, *see Grayson v. O'Neill*, 308 F.3d 808, 816 (7th Cir. 2002). That is the situation we have here. All parties were aware of these photographs for years and yet failed to secure them within the lengthy discovery period. It appears that the Attorney General's Office simply had to request IDOC if they had the photographs to obtain them. Defendants provided no explanation why that

was not done during discovery or why they only sought these photographs weeks before this case was set to be tried. That is not excusable neglect. *McCann v. Cullinan*, No. 11 CV 50125, 2015 WL 4254226, at *7 (N.D. Ill. July 14, 2015) ("[A]fter the deadline has expired, Rule 6 permits an extension only on a showing of both good cause and excusable neglect.").

Defendants concede that the redacted photographs were disclosed to all parties in June 2022. Their failure to investigate the contents for over two years—until new counsel was assigned in mid-2025—demonstrates a lack of diligence, not good cause. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Despite knowledge and opportunity, Defendants have not exercised diligence in pursuing discovery regarding the photographs or in seeking depositions of any of the ISP personnel with knowledge about the photographs. Defendants also should not be allowed to start identifying new potential witnesses and casually suggesting that Plaintiff can take their depositions under the premise that such a remedy would cause "minimal burdens, if any," on Plaintiff. (See Def's Brief p. 12).

Defendants have no good faith argument to support their claim that they should be allowed to produce new evidence and open limited depositions regarding these photographs. Defendants have not shown how these "new" photographs constitute "new knowledge warranting the re-opening" of discovery and have failed to explain their failure to pursue this evidence until now, months "after discovery had concluded and when the defendant[s] [have] summary judgment motion[s] pending before the trial court." *Grayson v. O'Neill*, 308 F.3d 808, 816 (7th Cir. 2002). Here, summary judgment motions have already been ruled upon and trial is scheduled. The Court should find that Defendants' "lack of diligence during the discovery period evidences a lack of good cause" to reopen discovery at this stage. *Summers v. Electro-Motive Diesel, In*c., 13 C 1312, 2014 WL 5100606, at *3 (N.D. Ill. Oct. 10, 2014).

Defendants' contention that "we have the newly discovered evidence of 25 photographs depicting the Decedent hanging by his ligature" is blatantly a false statement. (Def's Brief, p. 6). The parties have had the ISP report for some time and it clearly shows that there were numerous photographs taken by the investigator. It was Defendants' first counsel's lack of diligence to fail to obtain the unredacted photos. This is not the scenario where it was just learned that photographs were indeed taken.

Additionally, these photographs would ultimately be inadmissible under Federal Rule of Evidence 403, because these photographs taken at least three hours after Mr. Payton was found in his cell, would be more prejudicial than probative. As acknowledged in Defendants' motion, Plaintiff has already filed a motion in limine to bar the autopsy photos, which were also produced after the close of discovery, since they would not accurately reflect Mr. Payton's condition at the time he was first discovered by the Defendants. (Def's Brief, p. 10). The same holds true for these photographs. The Defendants want to introduce photographs taken three hours after Mr. Payton was first discovered hanging and tell the jury that is how he looked when we the Defendants first saw him. There can be no question that if an individual is allowed to remain hanging, with a ligature around his neck, for three hours, there will be a change in that person's appearance. By reopening discovery and allowing Defendants to now try and lay foundation for these photographs will force Plaintiff to obtain additional expert testimony on this fact. There is no reason to re-open discovery for Defendants to present inadmissible evidence at trial.

Finally, allowing Defendants to supplement their production now would prejudice Plaintiff by forcing new discovery, depositions, and additional expert work. Plaintiff would have to subpoena the ISP investigators, schedule their depositions, pay for court reporters, obtain the

transcripts and then submit them to the expert in order to render additional expert opinions. Specifically, Plaintiff would need to explore expert testimony that if Mr. Payton was allowed to remain hanging in the same position he was discovered in three hours earlier, there are going to be changes to his appearance. This will all generate additional expenses, including additional attorney's fees that were not anticipated by Plaintiff this late in the case. Again, had Defendants been diligent when the ISP report was first produced, this all could have been done years ago.

"[D]iscovery simply cannot go on endlessly until a [defendant] has everything [they] possibly could hope for or imagine." *Fox v. Phillippe Builders, Inc.*, No. 21 C 3897, 2024 WL 3251597, at *3 (N.D. Ill. July 1, 2024). "Discovery must have an end point." *Steveo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011). "In managing their caseloads, district courts are entitled to—'indeed they must—enforce deadlines.'" *Id*. (quoting *Raymond v. Ameritech Corp.*, 442 F.3d 600, 605 (7th Cir. 2006)). This case is trial-ready, Defendants have failed to establish good cause or excusable neglect to reopen discovery, and this Court should deny their motion.

### III. The Court Has Already Provided the Proper Avenue: Motions in Limine

Magistrate Judge Hanna has already ruled that this is a trial-related evidentiary issue to be resolved by the trial judge through motions in limine. Defendants are attempting to relitigate that ruling under the guise of a discovery motion. When this case was initially set for trial, that is exactly how Plaintiff addressed the IDOC Defendants' late disclosures of not only documents, but newly disclosed potential witnesses. Plaintiff filed motions in limine on these issues. Had the Court not *sua sponte* moved the August 4, 2025 trial, these issues would have already been ruled upon. Defendants have taken advantage of the trial delay by using the additional time to continue to investigate this case and produce previously undisclosed evidence, and now to attempt to reopen discovery entirely.

The Court's schedule already provides the parties an opportunity to address evidentiary disputes—motions in limine, due December 31, 2025. Defendants' request to reopen discovery is procedurally improper and unnecessary.

**IV. Conclusion**

Defendants' request to reopen discovery more than 14 months after its close is untimely, unjustified, and prejudicial. This case has passed the summary judgment stage and is set for trial. Defendants' motion should be denied in full.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendants' Motion to Modify Discovery Schedule (ECF No. 121), and grant such further relief as this Court deems just.

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiff*

Louis J. Meyer
Daniel P. Kiss
Meyer & Kiss, LLC
311 West Stratford Drive
Peoria, IL 61614
louismeyer@meyerkiss.com
dankiss@meyerkiss.com

**CERTIFICATE OF SERVICE**

      I, Louis J. Meyer, certify that on September 5, 2025, Plaintiff's Response to Defendants'

Motion to Modify Discovery Schedule was filed through the District Court's CM/ECF

automated docketing system thereby causing service upon all counsel of record.

                                            By: /s/ Louis J. Meyer
                                            MEYER & KISS, LLC

Louis J. Meyer
MEYER & KISS, LLC
311 West Stratford Drive
Peoria, Illinois 61614
t. 309.713.3751
f. 312.765.0104
e. louismeyer@meyerkiss.com
*Counsel for the Plaintiff*