IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ESTATE OF JUANDRICKES PAYTON, *by Damara Saddler, as Personal Representative of the Estate, and on behalf of the Survivors*,<br>    Plaintiff,<br><br>v.<br><br>NATHAN HILLIARD, *et al.*,<br>    Defendants. | Case No. 4:21-cv-04205 |

### Order

This matter is now before the Court on the IDOC Defendants' Motion for Leave to Reopen Discovery to Amend Their Expert Disclosures to Adopt Previously Disclosed Experts of a Dismissed Co-Defendant (Doc. 126) and Plaintiff's Response (Doc. 127). For the reasons stated below, the IDOC Defendants' Motion is DENIED.

### I

Federal Rule of Civil Procedure 26(a)(2) requires timely expert disclosures. Under Rule 37(c)(1), a party failing to make a required disclosure is barred from using that witness "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Seventh Circuit directs courts to consider four factors: (1) the prejudice or surprise to the opposing party; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the presence of bad faith or willfulness. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). Courts exercise broad discretion in this analysis. *See Johnson v. C.R. Bard, Inc.*, 77

F.4th 641, 646 (7th Cir. 2023). Rule 16(b)(4) permits scheduling order modifications for "good cause." Fed. R. Civ. P. 16(b)(4).

## II

In their Motion, the IDOC Defendants ask the Court to modify the scheduling order under Rule 16(b)(4) and reopen discovery for the limited purpose of allowing them to submit their Rule 26(a)(2) disclosures to disclose Dr. Amanda Youmans, Dr. J. Scott Denton, and their former Co-Defendant, Nurse Gina Fox, as expert witnesses. (Doc. 126). Nurse Fox disclosed these experts on July 5, 2024. The IDOC Defendants assert they intended to rely on their expert opinions at trial. However, Plaintiff and Nurse Fox entered into a settlement agreement, and Plaintiff filed a Motion to Amend the Complaint to remove Nurse Fox as a Defendant. On September 17, 2025, the Court granted Plaintiff's motion and terminated Nurse Fox.

On November 26, 2025, the IDOC Defendants served their Rule 26(a)(2) disclosures naming Dr. Youmans and Nurse Fox as Rule 26(a)(2)(C) treating experts based on their deposition testimony and Dr. Denton as a retained expert under Rule 26(a)(2)(B). The IDOC Defendants argue Plaintiff cannot claim prejudice or surprise because she knew about Dr. Youmans' and Nurse Fox's opinions since their depositions on February 28, 2023 and April 20, 2023, and about Dr. Denton's opinions since July 5, 2024, when his expert report was disclosed but chose not to depose Dr. Denton.

The IDOC Defendants also argue adopting Nurse Fox's experts will not disrupt the trial schedule and any minimal prejudice is curable, as "Plaintiff has ample time for any strategic adjustments" before the trial on February 9, 2026. (Doc. 126 at p. 8). The IDOC Defendants assert the expert testimony of Nurse Fox, Dr. Youmans, and Dr. Denton is essential to rebut the opinion of Plaintiff's expert,

2

Dr. Sperry, who opines the IDOC Defendants failed to promptly remove Mr. Payton from the ligature and initiate resuscitation efforts.

The IDOC Defendants argue their delay in disclosing expert witnesses was substantially justified and not done in bad faith, as they initially anticipated Nurse Fox would present the testimony of her experts at trial. The IDOC Defendants assert they moved as quickly as possible to obtain the monetary authority to hire Dr. Denton as an expert witness and obtained a written agreement from Dr. Denton to serve as their expert on November 7, 2025.

Plaintiff argues the Court should bar the IDOC Defendants from using Nurse Fox's expert witnesses because the disclosure was untimely, does not comply with Rule 26(a)(2)(B), and is unfairly prejudicial. This Court agrees.

Discovery has long been closed, and this case is set for trial February 9, 2026. Defendants' expert disclosures were due on June 5, 2024. The Wexford Defendants submitted their disclosures on July 5, 2024, after receiving a 30-day extension. (Doc. 126-2). The IDOC Defendants did not submit a disclosure or request an extension. More than a year later, on November 26, 2025, the IDOC Defendants submitted their Rule 26(a)(2) disclosures to adopt the Wexford Defendants' experts. (Doc. 126-5). The IDOC Defendants were aware Nurse Fox settled and is no longer a party to this case since September 16, 2025, yet they waited another three months before attempting to adopt her expert witnesses. (Doc. 125).

The IDOC Defendants offer no explanation for their delay in retaining and disclosing their own experts, other than the assumption that Nurse Fox was going to present these experts at trial. Instead, they claim Plaintiff has plenty of time to prepare because the trial is still two months away. However, additional motions *in limine* are due on December 31, 2025, and the final pretrial conference is scheduled on January 28, 2026. The IDOC Defendants have not established that their untimely disclosure was substantially justified or harmless. *See David*, 324

F.3d at 857 ("[T]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court.").

Additionally, the IDOC Defendants' Rule 26(a)(2) disclosures do not comply with Rule 26(a)(2)(B) because there was no statement of what opinions the IDOC Defendants intend to use, whether there is a retainer agreement by which the experts have agreed to testify for the IDOC Defendants, what fees have been paid or are expected to be paid, no list of the facts and data considered by the witness, etc. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). Although Plaintiff is aware of the opinions the experts offered on behalf of the Wexford Defendants, Plaintiff was not informed of the opinions of the IDOC Defendants intend to "adopt."

The IDOC Defendants' attempt to disclose expert witnesses approximately two months before trial was untimely and did not comply with Rule 26(a)(2)(B). Therefore, the IDOC Defendants are barred from presenting Dr. Denton, Dr. Youmans, and Nurse Fox as expert witnesses at trial. The IDOC Defendants' Motion is DENIED.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion for Leave to Reopen Discovery to Amend Their Expert Disclosures to Adopt Previously Disclosed Experts of a Dismissed Co-Defendant [126] is DENIED.**

*It is so ordered.*

Entered: December 11, 2025

s/Jonathan E. Hawley
U.S. District Judge